UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| UNITED STATES OF AMERICA, | CR. NO. 2:07-248-07 WBS |
|---|---|
| Plaintiff, | ORDER RE: MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) |
| v. | |
| ALVARO COBIAN GOMEZ, | |
| Defendant. | |

----oo0oo----

Before the court is defendant Alvaro Gomez's Motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) ("section 3582(c)(2)") and Amendment 782 of the United States Sentencing Guidelines. (Def.'s Mot. (Docket No. 1387).) The government opposes defendant's Motion. (Gov't's Opp'n (Docket No. 1419).)

The court notes, as an initial matter, that defendant wishes to represent himself on this Motion. (See Docket No. 1388.) He has filed a waiver of counsel and motion for self-representation, (see id.), and twice opposed the Federal Defender

1

1  Office's efforts to assign counsel to his case, (see Docket Nos.
2  1435 and 1472.)  In light of defendant's repeated requests to
3  proceed without counsel, the court will grant his request for
4  self-representation and set aside its August 23, 2016 Order
5  allowing for supplemental briefing and its November 23, 2016
6  Order appointing counsel to defendant.  Because all briefs
7  ordered by the court for defendant's Motion to reduce sentence
8  have been submitted, (see July 12, 2016 Order (Docket No. 1407);
9  Gov't's Opp'n; Def.'s Reply (Docket No. 1433)), the Motion is
10 taken under submission.

11       On July 5, 2011, defendant pled guilty to one count of
12 conspiracy to distribute and possess with intent to distribute at
13 least fifty grams of methamphetamine and at least five grams of
14 cocaine in violation of 21 U.S.C. § 841(a)(1) and 846, and two
15 counts of use of a communication facility for the purpose of drug
16 trafficking in violation of 21 U.S.C. § 843(b).  (Presentence
17 Report ("PSR") ¶ 1 (Docket No. 1248).)  Defendant's Guidelines
18 sentencing range, based on an offense level of 36 and a criminal
19 history category of III, was 235 to 293 months in prison.  (Id. ¶
20 68.)  On September 9, 2013, the court sentenced defendant to 240
21 months in prison.  (Docket No. 1252.)

22       Defendant now seeks to reduce his sentence to 188
23 months pursuant to section 3582(c)(2) and Amendment 782.  (Def.'s
24 Mot. at 7.)  Section 3582(c)(2) allows a federal court to "modify
25 a term of imprisonment" where "a defendant [was] sentenced . . .
26 based on a sentencing range that has subsequently been lowered by
27 the [United States] Sentencing Commission."  18 U.S.C. §
28 3582(c)(2).  The United States Supreme Court held in Dillon v.

2

1  United States, 560 U.S. 817 (2010) that section 3582(c)(2)
2  involves "a two-step inquiry." Id. at 826. "A court must first
3  determine that a reduction is consistent with [the policies set
4  forth in] § 1B1.10" of the Guidelines ("section 1B1.10"). Id.
5  "At step two of the inquiry, § 3582(c)(2) instructs a court to
6  consider any applicable § 3553(a) factors and determine whether,
7  in its discretion, the reduction authorized by reference to the
8  policies relevant at step one is warranted in whole or in part
9  under the particular circumstances of the case." Id. at 827.
10          With respect to step one, the government concedes that
11 Amendment 782 reduced defendant's Guidelines sentencing range to
12 188 to 235 months and that a sentence reduction would be
13 consistent with section 1B1.10. (Gov's Opp'n at 2.)
14          With respect to step two, however, the government asks
15 that the court exercise its discretion to deny defendant's
16 Motion, noting that defendant: (1) participated in a drug
17 conspiracy of "massive scale" scale, (see id. at 3 (noting that
18 defendant was involved in trafficking "multiple pounds of
19 methamphetamine and kilograms cocaine")); (2) "operat[ed] at the
20 highest levels of [the] conspiracy," (see id. (noting that
21 defendant "used sophisticated coded language to discuss drug
22 trafficking")); and (3) "failed to take responsibility for his
23 crimes" even after being convicted, (see id. (noting that
24 defendant "objected to the entirety of [his] PSR," which
25 "accurately details the extensive drug trafficking" he engaged
26 in)). Having reviewed the documents relevant to defendant's
27 Motion, the court agrees that a sentence reduction is not
28 warranted under step two of Dillon. Accordingly, the court will

1  deny defendant's Motion.
2          IT IS THEREFORE ORDERED that defendant's motion for
3  self-representation (Docket No. 1388) be, and the same hereby is,
4  GRANTED.  The court's August 23, 2016 Order (Docket No. 1427) and
5  November 23, 2016 Order (Docket No. 1468) are hereby VACATED.
6          IT IS FURTHER ORDERED that defendant's Motion for
7  sentence reduction pursuant to § 3582(c)(2) (Docket No. 1387) be,
8  and the same hereby is, DENIED.
9  Dated:   December 8, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE