UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>ALVARO COBIAN GOMEZ,<br><br>           Defendant. | No. 2:07-cr-00248-07 WBS<br><br><br>ORDER |

----oo0oo----

On March 15, 2022, defendant Alvaro Cobian Gomez filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. (Docket No. 1721.) The court previously denied a similar motion by defendant in 2016. (Docket No. 1473.) The court first noted that it was required to use the two-step inquiry set forth by Dillon v. United States, 560 U.S. 817 (2010). Under step one, the court found that Amendment 782 reduced defendants' Guidelines sentencing range to 188-235 months[1] and that a sentencing

---

[1] Defendant's original Guidelines range was 235-293

1

—

y

1  reduction would be consistent with the policies set forth in §
2  1B1.10 of the Guidelines.  However, under step two, the court was
3  required to consider any applicable § 3553(a) factors to
4  determine whether a reduction was warranted under the particular
5  circumstances of the case.  Under this step, the court found that
6  a sentence reduction was not appropriate, because, as noted by
7  the government, defendant (1) "participated in a drug conspiracy
8  of massive scale", (2) "operated at the highest levels of the
9  conspiracy," (3) and "failed to take responsibility for his
10 crimes even after being convicted."  (Docket No. 1473 at 3
11 (internal punctuation omitted).)  Accordingly, the court denied
12 defendant's motion for a sentence reduction.
13       Defendant's instant motion focuses on post-conviction
14 developments, without meaningfully addressing the court's prior
15 order.  The court notes defendant's efforts at rehabilitation in
16 prison, including taking and teaching classes and avoiding
17 disciplinary issues.  The court further notes defendant's
18 representation that an immigration detainer has prevented him
19 from moving to a lower-level prison and that he has experienced
20 difficulties due to COVID-19 lockdowns.[2]  Nevertheless, after
21 reviewing the entire record, and even taking in account these
22 developments, the court determines that a sentence reduction is
23 not warranted, for the reasons stated by the court in its prior

---

months, and he was sentenced to 240 months.  (Docket No. 1248 ¶ 68; Docket No. 1252.)

[2]  The court assumes, without deciding, that it may consider defendant's immigration detainer and COVID-19 lockdowns on a motion to reduce sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782.

order denying a sentence reduction under Amendment 782. Defendant's motion (Docket No. 1721) is therefore DENIED.

IT IS SO ORDERED.

Dated: May 27, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE